NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

APR 25 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE O. MITCHELL, | No. 18-35251 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05226-RBL |
| v. | |
| STATE OF WASHINGTON; LESLIE SZIEBERT, Dr, Washington State Special Commitment Center Chief Medical Director, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 17, 2019**

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

George O. Mitchell, who is civilly committed in the State of Washington at

the Special Commitment Center, appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutionally inadequate

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

medical care.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo cross-motions for summary judgment.  *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment for Sziebert on Mitchell's claim of constitutionally inadequate medical care because Mitchell failed to raise a genuine dispute of material fact as to whether Sziebert had knowledge of or acquiesced in any unconstitutional conduct by subordinates.  *See Mitchell v. Washington*, 818 F.3d 436, 443-44 (9th Cir. 2016) (Fourteenth Amendment professional judgment standard applies to civil detainees); *see also Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (under the professional judgment standard, a professional's decision is presumptively valid, and liability may be imposed only where there is a "substantial departure from accepted professional judgment, practice, or standards"); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for supervisory liability under § 1983).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-35251